**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEAN PHILIP HARRIS,

              Plaintiff - Appellant,

  v.

VARGO, Dr.; et al.,

              Defendants - Appellees.

No. 10-35490

D.C. No. 3:07-cv-01654-ST

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted September 19, 2012[**]

Before:    LEAVY, HAWKINS, and HURWITZ, Circuit Judges.

Oregon state prisoner Dean Philip Harris appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants

were deliberately indifferent to his serious medical needs. We have jurisdiction

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment to Hardy Myers, the former Oregon Attorney General, because Harris failed to raise a genuine dispute of material fact as to whether Myers was personally involved in any alleged deprivation of Harris's rights. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) ("Liability under § 1983 must be based on the personal involvement of the defendant.").

The district court properly granted summary judgment to the remaining defendants because Harris failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his chronic back pain. *See Toguchi*, 391 F.3d at 1060 ("Deliberate indifference is a high legal standard."); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (difference of medical opinion is insufficient to establish deliberate indifference).

Contrary to Harris's contention, his consent to the magistrate judge's designation was not required because the magistrate judge did not enter dispositive orders and the district court judge conducted de novo review. *See* 28 U.S.C. § 636(b)(1); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (discussing scope of magistrate judge's authority under § 636(b)(1)(B)).

We do not consider issues not explicitly and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Harris's motion to strike, received on August 6, 2012, is granted.

**AFFIRMED.**